IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>          v.<br><br>ECLECTIC ENTERPRISE LLC, dba ANCHOR PUB, a Washington Limited Liability Company; CHRISTIAN LANCE SAYRE and JANE DOE SAYRE, an individual and the marital community composed thereof; CAMERON MCCAFFREE and JANE DOE MCCAFFREE, an individual and the marital community composed thereof; JEREMY KOHL and JANE DOE KOHL an individual and the marital community composed thereof; and P.K.W., a single individual.<br><br>               Defendants. | No. 2:22-cv-885<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

## I.      INTRODUCTION

1.     This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. First Mercury Insurance Company ("FMIC") seeks a judicial determination that it has no duty to defend or indemnify Eclectic Enterprise, LLC dba Anchor Pub ("Anchor Pub"), Christian Lance Sayre, Jane Doe Sayre, Cameron McCaffree, Jane Doe

COMPLAINT FOR DECLARATORY RELIEF – 1

McCaffree, Jeremy Kohl and Jane Doe Kohl for the claims asserted against them in the lawsuit entitled *P.K.W. v. Christian Lance Sayre, et al.,* Snohomish Superior Court Case No. 22-2-00495-31 under a policy of insurance issued to Anchor Pub by FMIC. Specifically, the FMIC policy does not provide coverage for Sexual Abuse or Sexual Misconduct claims.

## II.    PARTIES

2.      FMIC is Delaware corporation with a statutory home office in Delaware and an administrative office in Morristown, New Jersey.

3.      Defendant Anchor Pub (defined above as Eclectic Enterprise, LLC dba Anchor Pub) is a Washington Limited Liability Company. Anchor Pub owns and operates a commercial restaurant and bar known as the Anchor Pub located at 1001 Hewitt Ave, Everett, WA.

4.      Defendant Christian Lance Sayre ("Sayre") and Jane Doe Sayre, on information and belief and to the extent Jane Doe Sayre exists, are residents of Everett, WA.

5.      Defendants Cameron McCaffree and Jane Doe McCaffree, on information and belief and to the extent Jane Doe McCaffree exists, are residents of Everett, WA.

6.      Defendant Jeremy Kohl and Jane Doe Kohl, on information and belief and to the extent that Jane Doe Kohl exists, are residents of Everett, WA.

7.      PKW is the plaintiff in the lawsuit entitled *P.K.W. v. Christian Lance Sayre, et al.,* Snohomish Superior Court Case No. 22-2-00495-3. On information and belief, PKW is an individual who resides in Snohomish County, Washington.

## III.    JURISDICTION AND VENUE

8.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5444

9.     Venue is proper with this Court pursuant to 28 U.S.C. §1391 as this case involves claims for insurance coverage stemming from alleged losses which occurred in Everett, Washington and all individual defendants reside within this judicial district.

## IV.     FACTS

**A.     <u>Facts of Loss</u>**

10.     Anchor Pub is a commercial restaurant and bar located at 1001 Hewitt Ave, Everett, WA.

11.     On information and belief, defendant Christian Sayre ("Sayre") was the owner of Anchor Pub and was responsible for the ownership, management and operation of Anchor Pub.

12.     On January 28, 2022, PKW filed suit against Sayre, Anchor Pub, Anchor Pub LLC, Anchor Operation LLC dba Home Base Plumbing, Cameron McCaffree, Jeremy Kohl and Jane Does in Snohomish County Circuit Court, Case no. 22-2-00495-31 ("underlying lawsuit").

13.     In the underlying lawsuit, it is alleged that while participating in the management and operation of Anchor Pub, Sayre developed a pattern and practice of drugging female patrons without their consent as they consumed alcohol at the Anchor Pub.

14.     In the underlying lawsuit, it is alleged that Sayre drugged female customers without their consent by slipping a sedative and/or hypnotic drug into the customer's drink so that the customer would later become uninhibited and/or completely incapacitated to the point where the customer would be more likely to permit and allow sexual contact by anyone who made sexual advances.

15.     In the underlying lawsuit, it is alleged that Sayre developed this practice so that he could have sexual contact with females without their knowledge or consent. It is further alleged that the employees of Anchor Pub had knowledge of Sayre's pattern of drugging female

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

1    customers.

2    16.    In the underlying lawsuit, it is alleged that Sayre would serve drugged drinks to

3    female customers at the Anchor Pub and then engage in sexual contact with the women in the

4    upstairs office of the Anchor Pub.

5    17.    In the underlying lawsuit, it is alleged that on February 6, 2020, PKW visited the

6    Anchor Pub with a friend.

7    18.    In the underlying lawsuit, it is alleged that on February 6, 2020, McCaffree was

8    working the bar at the Anchor Pub along with Sayre.

9    19.    In the underlying lawsuit, it is alleged that while PKW was at the Anchor Pub,

10   Sayre, or someone working at Sayre's direction, slipped a drug into Plaintiff's drink. After

11   Plaintiff was served the drugged drink by either McCaffree, Sayre or both, PKW was led to the

12   upstairs office by McCaffree and/or Sayre. It is alleged that one or both proceeded to force

13   themselves upon PKW for the purpose of engaging in sexual activity without PKW's consent.

14   20.    In the underlying lawsuit, it is further alleged that employees of the Anchor Pub

15   were aware that PKW was taken or going to be taken to the upstairs office. None of the employees

16   warned PKW or tried to protect her. It is alleged that PKW has vague memory of Sayre

17   attempting to engage in sexual contact with her.

18   21.    In the underlying lawsuit, it is alleged that Sayre and/or McCaffree sexually

19   assaulted PKW.

20   22.    In the underlying lawsuit, it is alleged that the next day, PKW received a text

21   message from Sayre stating, "Let's see if you remember."

22   23.    In the underlying lawsuit, it is alleged that the next day, PKW went to the hospital

23   so that a rape kit could be administered. The results of the rape kit revealed a genetic match

COMPLAINT FOR DECLARATORY RELIEF – 4

between Sayre and the fluid found on Plaintiff's clothes as well as a match to an unidentified male.

24.   Sayre was later arrested and charged with sexual assault and rape of PKW.

25.   In the underlying lawsuit, PKW brought causes of action for rape, sexual assault and battery, negligence, negligent hiring, training and supervision, vicarious liability joint venture, tort of outrage, premises liability, successor liability and no contributory negligence/comparative fault.

26.   PKW's vicarious liability claim asserts that McCaffree and Kohl are vicariously liable for the wrongful acts and/or omissions of Sayre.

27.   PKW's joint venture claim asserts that Sayre, McCaffree and Kohl formed and carried on an association to run and operate the Anchor Pub. As part of that joint venture, it is alleged that Sayre, McCaffree and Kohl agreed to protect each other and help each other take advantage of female customers.

28.   It is further alleged that Sayre conspired with Kohl and McCaffree to sell Sayre's interest in the Anchor Pub so that Sayre could escape any financial responsibility arising from Sayre's sexual assault of PKW.

29.   PKW's premises liability claim asserts that defendants knowingly created and maintained unsafe and dangerous conditions at the Anchor Pub that allowed Sayre to drug and sexually assault patrons. It is alleged that Sayre posed an unreasonable risk to female customers.

30.   PKW's successor liability claim asserts that McCaffree and Kohl assumed ownership and control of Anchor Pub as a direct result of Sayre's pattern and practice of drugging and sexually assaulting female customers. It is further alleged that McCaffree and Kohl created the entity Anchor Pub LLC to assume control of the Anchor Pub.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5444

31.     It is further alleged that the sale and transfer of Anchor Pub to McCaffree, Kohl and Anchor Pub, LLC was a *de facto* merger of the business. It is alleged that McCaffree and Kohl expressly or impliedly agreed to assume the liability of Sayre.

**B.      Tender to FMIC**

32.     Sayre and Anchor Pub tendered the defense of the Underlying Lawsuit to FMIC.

33.     On June 15, 2022, FMIC agreed to defend Sayre and Anchor Pub, subject to a complete Reservation of Rights.

**C.      The FMIC Policy**

34.     FMIC issued a policy of insurance to Anchor Pub, policy number FMEV112169, effective from July 25, 2019 to July 25, 2020.

35.     The Policy contains the following Who Is An Insured provision:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

**2.** Each of the following is also an insured:

**a.**     Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your

COMPLAINT FOR DECLARATORY RELIEF – 6

"executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

**(1)** "Bodily injury" ….

> To you, to your partners, or members (if you are a partnership or joint venture) to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" whole performing duties related to the conduct your business;

[…]

CG 00 01 04 13

36.    The Policy contains the following definition:

**SECTION V – DEFINITIONS**
[…]

> **5.**  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

CG 00 01 04 13

37.    The Policy provides coverage to Anchor Pub, in pertinent part, as follows:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments –

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

    **(2)** The "bodily injury" or "property damage" occurs during the policy period.

    **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily Injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at anytime from the "bodily injury".

CG 00 01 04 13

38.    The Policy contains the following definitions:

**SECTION V – DEFINITIONS**

[…]

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

[…]

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[…]

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

[…]

**22.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        […]

CG 00 01 04 13

39. The Policy contains the following Sexual Abuse and/or Misconduct Exclusion:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**LIQUOR LIABILITY COVERAGE PART**
**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY […]**
**SEXUAL ABUSE AND/OR MISCONDUCT EXCLUSION**

**A.** Claims or "suits" to recover damages for "bodily injury," "property damage." "personal and advertising injury" or "injury" based upon, related to, arising out of, directly or indirectly resulting from, in consequence of, in any way connected to, or in the sequence of events involving any actual or alleged "sexual abuse and/or misconduct," as those items are defined herein, and claims or "suits" for false arrest, false detention or false imprisonment, where such false arrest, false detention or false imprisonment is based upon, relates to, arises out of, directly or indirectly or indirectly results form, is in consequence of, is in any way connected to, or is in the sequence of events involving any actual or alleged "sexual abuse and/or misconduct." Pursuant to this exclusion, the Company is under no duty to defend or indemnify any Insured regardless of the degree of culpability or intent and without regard to:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

1. Whether the acts are alleged to be by or at the instruction or at the direction of any Insured, its/her/his officers, employees, agents or servants, or by any other person, regardless of the person's relationship to any insured;

2. Whether the acts are alleged to be the legal or proximate or but for cause of "bodily injury," "property damage" or "injury" or to have concurrently caused or independently caused said "bodily injury," "property damage," "personal and advertising injury" or "injury";

3. The actual or alleged failure or fault of any insured or its/her/his officers, employees, agents or servants, in the hiring, supervision, retention or control of any person, whether or not an officer, employees, agent or servant of any Insured;

4. The actual or alleged failure or fault of any Insured, or its/her/his officers, employees, agents or servants, to attempt to suppress, prevent, bar, manage or halt any such acts which may constitute "sexual abuse and/or misconduct";

5. The actual or alleged failure or fault of any Insured, or its/her/his officers, employees, agents or servants to maintain a safe or secure environment or place of business;

6. Any act, error or omission by any Insured, or its/her/his officers, employees, agents or servants, in rendering or failing to render aid or assistance to any person; or

**B.** This exclusion applies to any claim or suit by any person, firm or organization, asserting rights derived from, or contingent upon, any person having or asserting a claim or suit the is excluded under paragraph **A.** above. This exclusion also excludes from coverage claims and suits for:

1. Emotional distress, or for loss of society, services, consortium and/or income;

2. Reimbursement for expenses (including, but not limited to medical expenses, hospital expenses and wages) paid or incurred by such other person, firm or organization; or

3. Any obligation to share damages with, indemnify or repay someone who must pay damages because of "bodily injury." "property damage," "personal and advertising injury," or "injury"; where such claims or "suits" seek to recover damages for "bodily injury," "property damage," "personal and advertising injury," or "injury" that would be excluded by operation of the Sexual Abuse and/or Misconduct Exclusion in this endorsement.

**C.** If this Policy contains the Assault and/or Battery Coverage Limitation endorsement, then any "sexual abuse and/or misconduct" is not to be considered "Assault" or "Battery" for purposes of this endorsement.

COMPLAINT FOR DECLARATORY RELIEF – 10

**SECTION V – DEFINITIONS** of your **Commercial General Liability Coverage Part** […] is amended and the following added:

> **"Sexual abuse and/or misconduct"** is defined as sexual and/or physical abuse, misconduct, molestation or licentious, immoral or sexual behavior whether intended or not intended to lead to or culminating in any sexual act, whether caused by, or at the instigation of, or at the direction of, or omission by any Insured, employees, patrons or anyone whatsoever; and shall further include, but is not limited to, the negligent or intentional infliction of physical, emotional or psychological injury or harm on any person or person in the care, custody or control of the Insured.

**THIS ENDORSEMENT SUPERSEDES AND REPLACES ANY OTHER PROVISION(S) OF THE POLICY THAT ARE INCONSISTENT WITH THE TERMS OF THIS ENDORSEMENT.**

This endorsement forms a part of the Policy to which attached, effective on the inception date of the Policy unless otherwise stated herein.

FMEG200015 05/15

40. The Policy contains the following expected or intended injury exclusion:

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
[…]
**2. Exclusions**
  This insurance does not apply to:
  **a. Expected Or Intended Injury**
    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. […]

CG 00 01 04 13

41. The Policy contains the following Punitive or Exemplary damages exclusion:

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

COMPLAINT FOR DECLARATORY RELIEF – 11

**[…]**

This insurance does not apply to any claim for punitive or exemplary damages, fines or penalties imposed by law, restitution or any damages which are a multiple of, or in addition to, compensatory damages including related interest or costs whether or not such damages, related interest or costs are characterized as punitive or exemplary damages (hereinafter referred to as punitive or exemplary damages). If a "suit" shall have been brought against the insured for a claim falling within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action; however, the company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

FMEG200004 (09/14)

42.     The Policy contains the following Total Liquor Liability exclusion:

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
[…]
**2. Exclusions**
   This insurance does not apply to:
   […]
   **c. Liquor Liability**
      "Bodily Injury" or "property damage" arising out of, or for which any insured may be held liable by reason of:
      **(1)** Causing or contributing the intoxication of any person;
      […]

43.     The Policy contains the following Assault and Battery Coverage limitation:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY
**ASSAULT AND BATTERY COVERAGE LIMITATIONS**
**(Including Sub-Limits)**
This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
**[…]**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**SCHEDULE OF LIMITS OF INSURANCE**
**ASSAULT AND BATTERY**

| Assault and Battery Per Incident Limit | $ 1,000,000 |
|---|---|
| Assault and Battery Aggregate Limit | $ 1,000,000 |

## SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY […] ASSAULT AND BATTERY EXCLUSION

**A.** Claims or "suits" to recover damages for "bodily injury," "property damage." "personal and advertising injury" or "injury" based upon, related to, arising out of, directly or indirectly resulting from, in consequence of, in any way connected to, or in the sequence of events involving any actual or alleged "assault" and/or "battery," as those items are defined herein, and claims or suits for false arrest, false detention or false imprisonment, where such false arrest, false detention or false imprisonment is based upon, relates to, arises out of, directly or indirectly or indirectly results form, is in consequence of, is in any way connected to, or is in the sequence of events involving any actual or alleged "assault" and/or "battery." Pursuant to this exclusion, the Company is under no duty to defend or indemnify any insured regardless of the degree of culpability or intent and without regard to:

1. Whether the acts are alleged to be by, or at the instruction or at the direction of, any insured, its/her/his officers, employees, agents or servants, or by any other person, regardless of the person's relationship to any insured;
2. Whether the acts are alleged to be the legal or proximate or but for cause of "bodily injury," "property damage" or "injury," or to have concurrently caused or independently caused said "bodily injury," "property damage," "personal and advertising injury" or "injury";
3. The actual or alleged failure or fault of any insured or its/her/his officers, employees, agents or servants, in the hiring, supervision, retention or control of any person, whether or not an officer, employees, agent or servant of any Insured;
4. The actual or alleged failure or fault of any insured, or its/her/his officers, employees, agents or servants, to attempt to suppress, prevent, bar, manage or halt any such acts which may constitute assault" and/or "battery";
5. The actual or alleged failure or fault of any insured, or its/her/his officers, employees, agents or servants to maintain a safe or secure environment or place of business;

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**6.** Any act, error or omission by any insured, or its/her/his officers, employees, agents or servants, in rendering or failing to render aid or assistance to any person; or

**B.** This exclusion applies to any claim or "suit" by any person, firm or organization, asserting rights derived from, or contingent upon, any person having or asserting a claim or suit the is excluded under paragraph **A.** above. This exclusion also excludes from coverage claims and "suits" for:

**1.** Emotional distress, or for loss of society, services, consortium and/or income;

**2.** Reimbursement for expenses (including, but not limited to medical expenses, hospital expenses and wages) paid or incurred by such other person, firm or organization; or

**3.** Any obligation to share damages with, indemnify or repay someone who must pay damages because of "bodily injury." "property damage," "personal and advertising injury," or "injury";

where such claims or "suits" seek to recover damages for "bodily injury," "property damage," "personal and advertising injury" or "injury" that would be excluded by operation of the Assault and Battery Exclusion contained in this endorsement.

**ASSAULT AND BATTERY EXTENSION OF COVERAGE AND LIMITS OF INSURANCE**

**A.** If a claim or suit is excluded from coverage by operation of the Assault and Battery Exclusion, the Company hereby agrees to waive the Assault and Battery Exclusion, but only to the extent of the limits shown in the Schedule of Limits of Insurance set forth in the Assault and Battery Coverage Limitation endorsement and incorporated herein.

The Assault and Battery Per Incident Limit is the most we will pay for all damages involving claims or "suits" seeking to recover damages for "bodily injury," "property damage," "personal and advertising injury" or "injury" that would otherwise be excluded by operation of the Assault and Battery Exclusions contained in this endorsement. Any series of related "incidents involving "assault" and/or "battery," including, but not limited to, a "battery" involving multiple blows, an altercation involving multiple participants, a "battery" and false imprisonment, or any combination thereof, shall be deemed to be a single "incident" for purpose of the "Assault and Battery Per Incident Limit," regardless of the number of persons that have sustained injury or the number of persons that have been sold, served, or furnished an

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

alcoholic beverage or beverages.

The Assault and Battery Aggregate Limit is the most we will pay for all damages involving claims or "suits" based upon, related to, arising out of, directly or indirectly resulting from, in consequence of, in any way connected to, or in the sequence of events involving any "assault" or "battery."

The incurrence of claim expenses will not reduce or exhaust the Assault and Battery Per Incident or Assault and Battery Aggregate Limits of Insurance available to pay for damages because of an "assault" and/or "battery." The right and duty to defend with respect to any "assault" and "battery" claim ends when we have used of the Assault and Battery Per Incident Limit or the Assault and Battery Aggregate Limit in the payment of damages and/or settlements to which the Company has consented.

**B.** The combined limits of coverage, if applicable, provided by your **Commercial General Liability Coverage Form** and **Liquor Liability Coverage Form** for "bodily injury," "property damage," "personal and advertising injury" and "injury" arising out of "assault" and/or "battery" are subject to the Assault and Battery Limit and the Assault and Battery Aggregate Limit as scheduled in this endorsement.

1. The Assault and Battery Per Incident Limit as set forth herein is the most we will pay under both coverage from to which this endorsement may apply for the sum of:
   a. all damages under Section I – Coverage A and Coverage B of the Commercial General Liability Coverage Form applicable to the Policy; and
   b. all damages under Section – I Liquor Liability Coverage because of all "bodily injury," "property damage," "personal and advertising injury" and "injury" arising out of any one "incident" involving "assault" and/or "battery".

2. The "Assault and Battery Aggregate Limit" shown in the schedule of this endorsement is the most we will pay under both coverage forms, if applicable, to which this endorsement applies for the sum of:
   a. all damages under Section I – Coverage A and B; and
   b. all damages under Section I – Liquor Liability Coverage arising out all claims or suits for "assault" and/or "battery."

3. Any damages payable under this endorsement, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard" of the Commercial General Liability Coverage Form, as appliable, shall be included within and reduce"

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

[…]

C. "Sexual Abuse and/or Misconduct," if addressed by endorsement within this Policy, is not to be considered either an "assault" or "battery" for the purposes of this endorsement; it is the intent of this Policy that claims for "Sexual Abuse and/or Misconduct" are not subjected to any coverage under this endorsement.

**SECTION V – DEFINITIONS** of your **Commercial General Liability Coverage Part** […] is amended and the following added:
**"Assault"** means the apprehension of harmful or offensive contact by a person or thing, or the apprehension of harmful or offensive contact between or among two or more persons, by threats through words or deeds.
**"Battery"** means a harmful or offensive contact by a person or thing, or harmful or offensive contact between or among two or more persons.
**"Incident"** means an "occurrence," offense, accident, act, happening, or other event, to which the insurance provided under this Policy applies.

**THIS ENDORSEMENT SUPERSEDES AND REPLACES ANY OTHER PROVISION(S) OF THE POLICY THAT ARE INCONSISTENT WITH THE TERMS OF THIS ENDORSEMENT.**

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

FMEG2000040 (04/16)

44.    The Policy contains the following new entities exclusion:

**EXCLUSION – NEW ENTITIES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Paragraph **3.** of **Section II – Who Is An Insured** does not apply.

CG 21 36 03 05

45.    In accordance with applicable law, FMIC now brings this claim for Declaratory Judgment seeking a judicial determination that it does not owe any defense and/or indemnity

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

obligation to Sayre, Jane Doe Sayre, Anchor Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl for the claims asserted against them.

## V.    THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY AS TO FMIC'S COVERAGE OBLIGATIONS

46.    FMIC reasserts paragraphs 1 through 45 above and incorporates the same by reference as though fully stated herein.

47.    Pursuant to the Subject Policy, Anchor Pub's members are insureds, but only with respect to the conduct of Anchor Pub's business. Managers are insureds, but only with respect to their duties as Anchor Pub's managers. Employees are insureds but only for acts within the scope of their employment with Anchor Pub or while performing duties related to the conduct of Anchor Pub.

48.    There is an actual and justiciable controversy as to whether Sayre, Jane Doe Sayre, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl are "insureds" under the FMIC policy. To date, no tender for coverage has been presented to FMIC by Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl.

49.    The Subject Policy provides coverage for damages which an insured becomes legally obligated to pay because of "bodily injury."

50.    The Subject Policy provides coverage for "bodily injury" caused by an "occurrence."

51.    The Subject Policy does not provide coverage for damages because of "bodily injury" when an insured or an employee authorized to receive notice of claims had knowledge, in whole or in part, of the alleged bodily injury prior to the start of the policy period.

52.    There is an actual and justiciable controversy as to whether the claims asserted in the underlying lawsuit constitute "bodily injury" as that term is defined by the policy.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

53.     There is an actual and justiciable controversy as to whether the claims asserted in the underlying lawsuit involve an "occurrence" as that term is defined by the policy.

54.     There is an actual and justiciable controversy as to whether the alleged liability of Sayre, Jane Doe Sayre, Anchor Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl and Jane Doe Kohl is for "bodily injury" caused by an "occurrence."

55.     There is an actual and justiciable controversy as to whether Sayre, Anchor Pub and/or Anchor Pub's employees had any knowledge, in whole or in part, of any alleged "bodily injury" prior to the inception of the FMIC policy.

56.     The Subject Policy excludes coverage for claims or suits seeking to recover damages for "bodily injury" based upon, related to, arising out of, directly or indirectly resulting from, in consequence of, in any way connected to, or in the sequence of events involving any actual or alleged "sexual abuse and/or misconduct" as that term is defined by the policy.

57.     There is an actual and justiciable controversy as to whether the claims asserted in the underlying lawsuit are for "bodily injury" based upon, related to, arising out of, directly or indirectly resulting from, in consequence of, in any way connected to, or in the sequence of events involving any actual or alleged "sexual abuse and/or misconduct" as that term is defined by the policy.

58.     The Subject Policy excludes coverage for claims for "bodily injury" that is expected or intended from the standpoint of the insured.

59.     There is an actual and justiciable controversy as to whether the claims asserted in the underlying lawsuit were expected or intended by Sayre, Jane Doe Sayre, Anchor Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

60.     The Subject Policy excludes coverage for any claim for punitive or exemplary damages, fines or penalties imposed by law, or that include related interest or costs, even if the interest or costs assessed are not characterized as punitive or exemplary damages.

61.     There is an actual and justiciable controversy as to whether the claims asserted in the underlying lawsuit are for punitive or exemplary damages, fines or penalties imposed by law, or that include related interest or costs, even if the interest or costs assessed are not characterized as punitive or exemplary damages.

62.     The Subject Policy excludes coverage for "bodily injury" for which any insured may be held liable by reason of causing or contributing to the intoxication of any person.

63.     There is an actual and justiciable controversy as to whether the claims asserted in the underlying lawsuit are for "bodily injury" for which any insured may be held liable by reason of causing or contributing to the intoxication of any person.

64.     The Subject Policy excludes coverage for claims or suits seeking to recover damages for "bodily injury" based upon, related to, arising out of, directly or indirectly resulting from, in consequence of, in any way connected to, or in the sequence of events involving any actual or alleged "assault" and/or "battery" as those terms are defined by the policy.[1]

65.     There is an actual and justiciable controversy as to whether the claims asserted in the underlying lawsuit are for "bodily injury" based upon, related to, arising out of, directly or indirectly resulting from, in consequence of, in any way connected to, or in the sequence of events involving any actual or alleged "assault" and/or "battery" as those terms are defined by the policy.

---

[1] Pursuant to the subject policy, Sexual Abuse and/or Misconduct" is not to be considered either "assault" or "battery." As a result, claims for "Sexual Abuse and/or Misconduct" are not subject to coverage under this Assault and Battery Coverage Limitation and are instead governed exclusively by the Sexual Abuse and Misconduct Exclusion discussed above.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

66.     Pursuant to the Subject Policy, new entities are not considered an insured under the definition of "Who is an Insured" under the Commercial General Liability Coverage Part.

67.     FMIC reserves the right to assert any other exclusions or grounds for which coverage for the claims asserted in the underlying lawsuit may be excluded under the Subject Policy.

## VI.     CAUSE OF ACTION FOR DECLARATORY RELIEF

68.     Actual and justiciable controversies exist as to whether any defense coverage is available to Sayre, Jane Doe Sayre, Anchor Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl under the policy set forth above.

69.     Pursuant to and in accordance with 28 U.S.C. § 2201, FMIC requests that the Court grant declaratory relief in favor of FMIC and enter a judicial determination that FMIC does not have an obligation to provide a defense to Sayre, Jane Doe Sayre, Anchor Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl in regard to the claims asserted against it.

70.     Actual and justiciable controversies exist as to whether any indemnity coverage is available to Sayre, Jane Doe Sayre, Anchor Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl under the policy set forth above.

71.     Pursuant to and in accordance with 28 U.S.C. § 2201, FMIC requests that the Court grant declaratory relief in favor of FMIC and enter a judicial determination that FMIC does not have an obligation to provide any indemnity coverage to Sayre, Jane Doe Sayre, Anchor Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl.

## VII.     REQUEST FOR RELIEF

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1    WHEREFORE, First Mercury Insurance Company, having specifically alleged the

2    foregoing, now requests for the following relief:

3    1.    For a determination of the rights and obligations of the parties hereto under the

4    Policy.

5    2.    For a declaration that there is no duty to defend Sayre, Jane Doe Sayre, Anchor

6    Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl under the policy.

7    3.    For a declaration that there is no duty to indemnify Sayre, Jane Doe Sayre, Anchor

8    Pub, Cameron McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl under the policy.

9    4.    For a judicial declaration that Sayre, Jane Doe Sayre, Anchor Pub, Cameron

10   McCaffree, Jane Doe McCaffree, Jeremy Kohl or Jane Doe Kohl are bound by any judicial

11   declarations in the matter involving the Subject Policy.

12   5.    For all interest as allowed by applicable law.

13   6.    For attorney's fees and costs allowed by applicable statute and law.

14   7.    For other and further relief as the Court deems just and equitable.

15   DATED this 23rd day of June, 2022.

16

17                                    LETHER LAW GROUP

18                                    */s/ Thomas Lether*
                                      Thomas Lether, WSBA #18089
                                      */s/ Samuel D. Colito*
19                                    Samuel Colito, WSBA # 42529
                                      */s/ N. Chance Laboda*
20                                    N. Chance Laboda, WSBA # 54273
                                      1848 Westlake Ave N., Suite 100
21                                    Seattle, WA 98109
                                      P: 206-467-5444 F: 206-467-5544
22                                    tlether@letherlaw.com
                                      scolito@letherlaw.com
23                                    claboda@letherlaw.com
                                      *Attorney for First Mercury Insurance Company*

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544